Rose McDevitt

*v.*

James Hibben *et al.*

*Opinion filed April 17, 1906.*

Wills—*will construed as to when residuary legacy is payable.* Where a will bequeaths a specific legacy, payable as soon after the testator's death as practicable, and to the same person a further sum "to be paid out of my residuary estate upon final distribution," and by a subsequent clause devises the residuary estate in trust for his two daughters until they become of age, when it is to be divided between them subject to the charges in favor of the widow and the bequests made by the will, the payment of the residuary legacy is postponed until the final division of the estate between the two daughters.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. Mack, Judge, presiding.

This was an appeal from a judgment of the Appellate Court affirming a decree of the circuit court of Cook county sustaining a demurrer to a bill filed in that court by the appellant to require the appellees, as executors and trustees under the will of the father of appellant, Dion W. McDevitt, deceased, to sell real estate of which the testator died seized, for the purpose of paying appellant a legacy of $3000 given her by the will of said Dion W. McDevitt. The will is as follows:

"*Know all men by these presents,* That I, Dion W. Mc-Devitt, of the city of Chicago, county of Cook and State of Illinois, being of sound and disposing mind and memory, do hereby make, publish and declare this to be my last will and testament.

"*First*—I give and bequeath to my daughter Rose Mc-Devitt the sum of $3000, to be paid to her as soon after my death as practicable, and the further sum of $3000 to be paid out of my residuary estate upon final distribution.

"*Second*—I give, devise and bequeath to my son William J. McDevitt the sum of $250.

"*Third*—I give, devise and bequeath to my son Daniel S. McDevitt the sum of $250.

"*Fourth*—I give, devise and bequeath to Rose McDevitt, in trust for my grandson, Girard, son of William J. McDevitt, the sum of $500, to be held by her until said Girard shall arrive at the age of twenty-one years.

"*Fifth*—I give, devise and bequeath to Estelle, wife of William J. McDevitt, the sum of $250.

"Should either of my said sons contest this my last will and testament, then the one so doing shall forfeit the specific legacy to him bequeathed, and in addition thereto should William J. contest, then the bequest to said Estelle and said Girard shall likewise be forfeited, and all such forfeited legacies aforesaid shall form part of my residuary estate.

"*Sixth*—To my beloved sisters, Rosanna (known in religion as Sister Mary of the Annunciation) McDevitt and

Margaret McNamara, both of the city of Philadelphia, I give, devise and bequeath the sum of $1000 each, on the express condition, nevertheless, that in the event of the death of either or both prior to my decease the bequest or bequests herein made shall be null and void and become a part of my residuary estate.

"*Seventh*—I give, devise and bequeath to my step-daughter, Cora R. Tubbs, the sum of $500, to be paid to her as soon after my death as possible, and also the further sum of $500 out of my residuary estate upon final distribution.

"*Eighth*—I give, devise and bequeath to my friend John Riegel, of Mendota, Illinois, the sum of $100; and also to Margaret Breen, of Port Chester, New York, the sum of $100; and in the event of the death of the said Riegel prior to my decease said bequest shall constitute part of my residuary estate.

"*Ninth*—All the rest, residue and remainder of my estate, be the same real, personal or mixed and wheresoever situated, I give, devise and bequeath to my old and esteemed friends James Hibben and Henry F. Sawtell in trust, to hold the same as joint tenants, with right of survivorship, and not as tenants in common, for the purposes hereinafter specified, viz.: Out of the income of my residuary estate they are to pay my beloved wife, Emily Rossell McDevitt, during her natural life or while she remain unmarried, the sum of $60 per month for her maintenance and support and the education and maintenance of my two daughters Emily R. McDevitt and Hannah McDevitt; and they shall also permit her to occupy and use, free of charge, the premises known as 6801 Wentworth avenue, Chicago, Illinois, as a home for herself and for my said daughters for the period above named; and in the event of my said wife leaving said premises and establishing a home elsewhere, my said trustees are hereby authorized to increase said monthly allowance from $60 to $85. When my said daughters Emily R. and Hannah arrive at lawful age, my trustees are requested to convey and

vest in each of them a moiety of my said estate, which shall be their own and separate property forever, subject, however, to the bequests chargeable against said residuary estate herein above specified; and it is my desire that in the event of the death or marriage of my wife prior to the arriving at majority of either or both of my said daughters last aforesaid, that my beloved step-daughter, Cora R. Tubbs, shall have the care, custody and education of said children until they arrive at lawful age, and the income chargeable against my residuary estate, to-wit, $60 or $85 per month, shall be paid to her for their maintenance and support, and likewise the use, free of charge, of No. 6801 Wentworth avenue, Chicago, Illinois, as specified above and under like conditions. Should it, in the judgment of my said trustees, become necessary to sell any portion of the real estate of which I may die seized, then it is my desire that they shall have full power to sell, transfer, convey, encumber, lease and improve the property known as 6819 Vale avenue, in the city of Chicago, county of Cook and State of Illinois, and shall in their discretion have power to re-invest the proceeds of any sale made hereunder in such manner as they shall deem safest and most advantageous. In case of the death, resignation or refusal to act of either or both my said trustees, it is my desire that the court appoint a suitable person or persons in his or their stead, (following the wishes of my wife, if possible,) who shall be trustee or trustees with the same powers and limitations as hereinbefore specified.

"*Tenth*—I hereby nominate, constitute and appoint my said friends James Hibben and Henry F. Sawtell executors of this my last will and testament, and I hereby revoke any and all other wills and testaments and codicils by me heretofore at any time made."

STEARNS & ZIPF, (GWYNN GARNETT, and EUGENE H. GARNETT, of counsel,) for appellant.

ELMER W. ADKINSON, for appellees.

Mr. Justice Hand delivered the opinion of the court:

The $3000 legacy mentioned in paragraph 1, and which that paragraph provides shall be paid to the appellant as soon after the testator's death as practicable, has been paid, and the legacy in question is the $3000 legacy which said paragraph 1 provides shall be paid "out of my residuary estate upon final distribution."

It is the contention of the appellant that said $3000 legacy was payable to her at the time of the final settlement of the estate of Dion W. McDevitt by his executors in the probate court, while the appellees contend said legacy is not payable to her until the time shall arrive when the residue of the estate shall be divided by the trustees between Emily R. and Hannah McDevitt under the provisions of paragraph 9 of the will, which time is fixed by said paragraph when Emily R. and Hannah McDevitt arrive at lawful age, which age they had not reached at the time the bill was filed. The language found in paragraph 1 of the will, standing alone, would justify the contention of appellant. When, however, that paragraph is considered in connection with paragraph 9, as it must be, we think it plain that the testator did not intend the appellant should receive the $3000 mentioned in the last clause of paragraph 1 until the time had arrived when the residue of his estate was to be divided between Emily R. and Hannah McDevitt. And from a consideration of the entire will we think the testator intended appellees, as trustees, should hold the balance of his estate remaining after the payment of his debts and the legacies provided to be paid in the paragraphs of his will other than 1 and 7, until his minor daughters, Emily R. and Hannah, should attain their majority, and that his widow, Emily Rossell McDevitt, should reside in the Wentworth avenue home and receive for her support $60 per month, or in case she occupied another home, $85 per month, during her natural life, if she did not re-marry, and when his children Emily R. and Hannah arrived at lawful age the trustees should turn over to them the bal-

ance of the estate remaining in their hands after the legacy of $3000 which then became due the appellant under the last clause of the first paragraph of the will, and the $500 which then became due Cora R. Tubbs under the last clause of paragraph 7 of the will, had been paid, and that the portion of the estate in the hands of Emily R. and Hannah McDevitt should remain burdened with the rights of their mother to occupy the Wentworth avenue house, and to receive from the earnings of said residuary estate $60 per month, or in case she occupied a house other than the Wentworth avenue house, $85 per month. There is clearly nothing illegal in the testator making $3000 of his bounty to the appellant payable to her when the time should arrive for the final division of his estate between his daughters Emily R. and Hannah, or in providing that the residuum of his estate should be turned over to his daughters Emily R. and Hannah, by his trustees, upon their arriving at lawful age, subject to the rights of their mother to use the Wentworth avenue house as a home during her natural life, and to have a lien upon the residue of the estate in the hands of said Emily R. and Hannah for the amount provided by the will to be paid to her in cash for her support during her natural life, in case she did not re-marry. When the intention of the testator is plain and there is no legal objection in the way of carrying out such intention, the courts should give effect to the intention of the testator as expressed in the will.

We agree with the trial and Appellate Courts that the $3000 legacy mentioned in the last clause of the first paragraph of the will, by virtue of paragraph 9 of the will was not due and payable to the appellant at the time she filed her bill and that her bill was prematurely brought, and that for that reason the demurrer was properly sustained.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*